**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30200 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:19-cr-00017-DLC-1<br>2:19-cr-00017-DLC |
| v. | |
| ANTHONY JACOB LUGO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted June 11, 2021
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Anthony Jacob Lugo pleaded guilty to possession of marijuana and cocaine

with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A).  He appeals the district court's denial of his motion to suppress the

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

drugs and firearms that were found in his truck. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the denial of a motion to suppress de novo and review underlying findings of fact for clear error. *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir. 2020).

1. The officer's order to step out of the vehicle and his directive to stand by the patrol car were reasonable under the Fourth Amendment. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109–11 (1977) (per curiam). The officer lawfully initiated the traffic stop because Lugo was driving erratically and changed lanes without signaling. After "police ha[d] already lawfully decided that the driver shall be briefly detained" in a traffic stop, the order to exit the truck was a "de minimis" intrusion on his liberty justified to ensure officer safety. *Id.* at 111. Lugo had not pulled over very far onto the shoulder, so the officer standing on the driver's side of the vehicle faced a "hazard of accidental injury from passing traffic." *Id.*

2. Additional reasonable suspicion is required to prolong a traffic stop "beyond the time reasonably required to complete the mission." *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015) (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). The officer prolonged the stop here to wait for the canine unit to arrive. But the necessary reasonable suspicion existed because he saw and smelled

2

marijuana in the car.  *See Lingo v. City of Salem*, 832 F.3d 953, 961 (9th Cir. 2016) (noting that the odor of marijuana alone may establish probable cause).

3.  Probable cause to seize a vehicle exists where there is "a fair probability" drugs will be found inside.  *United States v. Magallon-Lopez*, 817 F.3d 671, 676 (9th Cir. 2016).  The fact that the officer saw and smelled marijuana in the truck almost certainly provided probable cause.  *See Lingo*, 832 F.3d at 961.  Further, by the time the truck was seized pending a warrant, Lugo had admitted that there was marijuana in it.

**AFFIRMED.**